# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ASHLEE CLARK, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0664-WS-N |
| | ) | |
| NORTHVIEW HEALTH SERVICES, | ) | |
| LLC, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

The defendants in this FLSA case have filed a motion to dismiss or, in the alternative, motion for a more definite statement. (Doc. 5). Dismissal is sought pursuant to Rule 12(b)(6). (*Id.* at 1). Local Rule 7.1(a) requires that a motion to dismiss under Rule 12(b) be accompanied by a brief. The defendants' 1½-page filing does not qualify as a brief. Therefore, the motion to dismiss is **denied**.[1]

The defendants seek a more definite statement under Rule 12(e) on the grounds that the complaint is a shotgun pleading and that it does not identify the specific dates or pay periods when the alleged statutory violations occurred. (Doc. 5, ¶¶ 1, 2).

In a "typical 'shotgun pleading,' … each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged [a]re not material to the claim, or cause of action, appearing in a count's heading." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir.

---

[1] The defendants assert generally that the complaint does not satisfy *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), because it is "vague and insufficient." (Doc. 5, ¶ 1; *accord id.* ¶ 4). They do not identify the insufficiency, and they ignore *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761 (11th Cir. 2008), which found comparable allegations adequate under *Twombly*.

2010).  The complaint contains only eight factual paragraphs (each a single sentence) and only two counts:  one for FLSA violations and for breach of contract. While there may be borderline uncertainty as to which paragraphs apply to each count,[2] the defendants certainly have more than enough clarity to frame an intelligent response.

A motion for more definite statement is inappropriate unless the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Courts have routinely held that this standard is not satisfied when the FLSA complaint contains allegations similar to those in this case.[3]  As the old Fifth Circuit has noted, to support a motion for more definite statement in an FLSA case, there must be a showing "why the defendants, from their knowledge of their own records and payrolls as well as their operations, would be unable to either admit or deny the allegations

---

[2] Only paragraph 8 is not clearly referenced in the FLSA count, and only paragraphs 4-6 are not clearly included within the breach of contract count.

[3]*See, e.g., Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 822, 824 (4th Cir. 1973) (complaint alleged that the defendant, since September 15, 1968, had repeatedly violated the overtime provisions of the FLSA; plaintiff not required to provide the names of the subject employees or the weeks they were entitled to overtime compensation); *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348-49 (4th Cir. 2005) (re-affirming *Hodgson*); *Mitchell v. E-Z Way Erectors, Inc.*, 269 F.2d 126, 128 n.2, 129, 132 (5th Cir. 1959) (similar); *Spigner v. Lessors, Inc.*, 2011 WL 1466282 at *2 (M.D. Fla. 2011); *Davis v. Group Homes for Children, Inc.*, 2009 WL 2905767 at *6 (M.D. Ala. 2009); *Oliver v. Layrisson*, 1995 WL 250450 at *4 (E.D. La. 1995) (complaint need not "provide any details regarding the dates or amounts of the alleged overtime hours"); *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 487-88 (M.D. Penn. 1987) (complaint need not identify the practice giving rise to the overtime violation or specify the time period involved); *Donovan v. Hotel Pharmacy, Inc.*, 1982 WL 2183 (S.D. Fla. 1982) (a general allegation of violations on and after a particular date is sufficient); *Donovan v. American Leader Newspapers, Inc.*, 524 F. Supp. 1144, 1146 (M.D. Fla. 1981) (a general allegation of overtime violations within a general time frame sufficient; no requirement to allege the identity of all affected employees, their positions or dates of hire); *Marshall v. ITT Continental Baking Co.*, 1978 WL 1707 at *1 n.3 (S.D.N.Y. 1978) (in the "overwhelming majority" of reported cases, motions for more definite statement in the FLSA context have been denied); *Dunlop v. Oklahomans for Indian Opportunity, Inc.*, 1975 WL 275 at *2 (W.D. Okla. 1975); *Dennis v. Begley Drug Co.*, 53 F.R.D. 608, 609 (E.D. Tenn. 1971)  (complaint need not set out either the exact pay periods for which overtime compensation is owed or the total amount claimed).

concerning coverage and violations." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). As in *Mitchell* and many other cases, the defendants here have made no such showing. As in those cases, the information the defendants seek may be appropriate grist for discovery, but it furnishes no grounds to require a more definite statement.

For the reasons set forth above, the defendants' alternative motion for more definite statement is **denied**.


DONE and ORDERED this 4th day of January, 2012.



s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE