IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASHLEE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0664-WS-N |
| ) | |
| NORTHVIEW HEALTH SERVICES, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the defendants' motion for summary judgment. (Doc. 26). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 27-28, 31-32, 44-45), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be denied.

## BACKGROUND

According to the complaint, the plaintiff was employed by defendant Northview Health Services, LLC ("Northview"). Defendant Lillian Knox acted in the interest of Northview. Count One alleges that the defendants violated the straight time, overtime and record keeping requirements of the Fair Labor Standards Act ("FLSA"). Count Two alleges that Northview breached its contract with the plaintiff concerning pay. Count Three seeks a declaration that the plaintiff is entitled to receive overtime compensation under the FLSA. (Doc. 1).

The defendants argue that the plaintiff has no evidence that she worked unpaid overtime hours of which they knew or should have known. They also argue that the plaintiff has no evidence that they did not pay her for all mileage incurred in carrying out her on-the-job responsibilities. (Doc. 26 at 1).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; accord *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); accord *Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

**I.  FLSA Claim.**

"Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." *Allen v. Board of Public Education*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 15 U.S.C. § 207(a)(1)).  "[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted." *Id*. (internal quotes omitted).  To recover, "a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." *Id*. at 1314-15.

**A.  Uncompensated Overtime Hours.**

The plaintiff worked as a compassionate care facilitator at the defendants' group home.  Her primary complaint is that she was not paid for overtime hours she worked in

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

August and September 2011.² During that nine-week period, about two days a week the plaintiff worked a split shift, which means she worked a morning shift, was off for about two hours, then worked an afternoon/evening shift. Since the plaintiff did not go home during her break between shifts, Knox instructed her to perform tasks such as grocery shopping for residents, picking them up from school, picking up their medical supplies, processing paperwork, and calling employees to come to meetings. The plaintiff estimates she spent an average of 2.5 hours a week performing these tasks off the clock, for which she was not paid. (Clark Affidavit at 1-3).

The plaintiff's submitted time records reflect that, for the six work weeks beginning August 8 and ending September 17, the plaintiff worked more than 40 hours a week even without these extra hours. Thus, the extra hours would qualify for overtime compensation. For the week September 18-24, the plaintiff's time records reflect 39.5 hours worked, so that a portion of her extra hours that week would qualify for overtime compensation. (Doc. 31, Exhibit 6).³

The evidence summarized in the preceding two paragraphs creates a genuine issue of material fact as to whether the plaintiff worked overtime hours without compensation.

In opposition to this conclusion, the defendants assert that, because the time records the plaintiff submitted to Northview do not include the claimed extra hours, she could not have worked them. (Doc. 27 at 8). The plaintiff's explanation is that Knox told her this work was "unauthorized overtime," for which she would not be paid and

---

² The plaintiff also seeks recovery of straight time and/or overtime with respect to her first two days of employment; her attendance at mandatory monthly meetings; and her attendance at a class (and follow-up demonstrations) put on by Northview to achieve certification to administer medications. (Doc. 32 at 4; Clark Affidavit at 3-4). The defendants do not address these components of the plaintiff's claim and therefore cannot obtain summary judgment as to them.

³ The plaintiff has submitted no time records for the period August 1-7. Her time records for September 25 – October 1 reflect only 35 hours worked, (Doc. 31, Exhibit 6 at 9-10), so the extra hours that week probably would not qualify for overtime compensation.

which was therefore unauthorized to be included by the plaintiff on her time sheets. (Clark Deposition at 81-83; Clark Affidavit at 3).

In their reply brief, the defendants clarify their position as being that the timesheets and wage statements contain "no discrepancies, inaccuracies, or inconsistencies" and thus "must be considered an accurate representation of the wages earned by the plaintiff." (Doc. 44 at 2). The defendants rely on *Allen* for this proposition, but the Eleventh Circuit ruled therein that, "in situations where the employer's records cannot be trusted," an employee "carries its burden of proving that he or she performed work without proper compensation if he or she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." 495 F.3d at 1316. The plaintiff has certainly produced enough evidence to meet this standard. This is all she need do because, when employees are "told not to record their overtime hours because the [employer] would not pay them overtime," such facts "indicate that the [employer's] records cannot be trusted," *id*., enabling the plaintiff to prove her claim by other means. Since there is evidence that Knox told the plaintiff her off-duty work would be considered unauthorized overtime, prompting her not to record those hours, the defendants cannot hide behind their records and thereby avoid liability.

The defendants next object that the plaintiff has no records showing that Knox called and sent text messages directing her to perform these tasks at times she was on unpaid break, and she has no receipts or other documentation that she purchased food or supplies while on break. (Doc. 27 at 9). The absence of corroborating physical evidence to bolster the plaintiff's sworn testimony cannot preclude that testimony from creating a genuine issue of fact.

Finally, the defendants point out Northview's policy, communicated to the plaintiff, prohibiting the working of overtime hours without advance authorization. (Doc. 27 at 8, 9). To the extent the defendants intend to argue that, in light of this policy, the plaintiff would not have worked the claimed extra hours, it is but jury argument. To the

extent they suggest their prohibition of unauthorized overtime precludes a claim for overtime, they are mistaken. "'Work not requested but suffered or permitted is work time.'" *Reich v. Department of Conservation and Natural Resources*, 28 F.3d 1076, 1082 (11th Cir. 1994) (quoting 29 C.F.R. § 785.11). Thus, "[t]he mere promulgation of a rule against such [overtime] work is not enough." 29 C.F.R. 785.13. Here, the plaintiff's evidence is that Knox herself instructed the plaintiff to perform the work and, as discussed in the next section, Knox knew or had reason to know that such work would constitute overtime hours. Nominally forbidding what an employer nevertheless directs an employee to do cannot insulate the employer from FLSA liability.

### B. Employer's Knowledge of Overtime Work.

Knox is the owner of Northview. It was Knox who instructed the plaintiff to perform work during her break. It was also Knox who created the plaintiff's work schedules. When the plaintiff asked to be paid for the work she was performing between her shifts, Knox told her this work constituted unauthorized overtime. (Clark Affidavit at 1-3).

The foregoing constitutes evidence that Knox knew or should have known that the plaintiff was performing overtime work between her shifts. Because Knox created the plaintiff's schedules, she knew the plaintiff was off duty during the time she was requiring the plaintiff to work. For the same reason, she knew that the work between shifts would constitute hours in excess of 40 for the workweek. Knox's response to the plaintiff's request for payment confirms Knox's awareness that this work constituted overtime. Because Knox is Northview's owner, her awareness is attributable to Northview.

The defendants argue against actual or constructive knowledge on the grounds that the plaintiff did not record the overtime hours on her time sheets and did not ask to be compensated for such hours. (Doc. 27 at 10-11). Knox's denial that the plaintiff requested payment, (Knox Declaration at 2), is contradicted by the plaintiff's testimony

and thus cannot be credited on motion for summary judgment. And the plaintiff's failure to record the hours on her time sheets is irrelevant given the evidence that Knox instructed her to perform the work and knew (and even admitted) that the work represented overtime hours. The defendants insist that "[a]n employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur,"[4] but this is not an exceptionless rule, and it cannot be applied when, as here, the employer had actual knowledge of the overtime hours from its own involvement in their incurrence.[5]

Even ignoring the evidence of Knox's actual knowledge, "when an employer's actions squelch truthful reports of overtime worked, or where the employer encourages artificially low reporting, it cannot disclaim knowledge." *Allen*, 495 F.3d at 1319; *accord Brennan v. General Motors Acceptance Corp.*, 482 F.2d 825, 828 (5th Cir. 1973) ("At the very least [the plaintiffs' supervisors] had constructive knowledge, for they had the opportunity to get truthful overtime reports but opted to encourage artificially low reporting instead."). There is evidence of such squelching and encouragement, and it precludes the defendants from effectively denying constructive knowledge.

## II.  Breach of Contract.

While the defendants nominally move for summary judgment as to "all claims," (Doc. 26 at 1), they address only the FLSA claim. (*Id*.; Doc. 27 at 7). Their briefing asserts curtly that the plaintiff was paid for all mileage she submitted, (*id*. at 4), but the plaintiff's affidavit squarely contradicts that assertion, (Clark Affidavit at 4), creating a genuine issue of material fact.

---

[4] *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999).

[5] *Gaylord* has been repeatedly distinguished on this basis. *See Brubach v. City of Albuquerque*, ___ F. Supp. 2d ___, 2012 WL 4466857 at *8 (D.N.M. 2012); *Dudley v. All Seasons Landscaping, Inc.*, 2011 WL 5358699 at *2 (M.D. Fla. 2011); *Reyna v. ConAgra Foods, Inc.*, 2006 WL 3667231 at *5 (M.D. Ga. 2006).

## CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment is **denied**.[6]

DONE and ORDERED this 4th day of March, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Because the Court has not relied on any testimony save that of the plaintiff, the defendants' motion to strike the affidavits of the plaintiff's witnesses, (Doc. 46), is **denied as moot**.