IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASHLEE CLARK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0664-WS-N |
| | ) |
| NORTHVIEW HEALTH SERVICES, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion in limine. (Doc. 53). The plaintiff has filed a response, (Doc. 54), and the motion is ripe for resolution.

The plaintiff has sued the defendants for FLSA violations and for breach of a contract to pay certain wages. In the joint pretrial document, the plaintiff lists five witnesses – all former employees of the defendants – to whom the defendants object. According to the plaintiff, these witnesses "will testify that the Defendants routinely required them to work off the clock and/or that they witnessed the Plaintiff working off the clock at the direction of the Defendants." (Doc. 54, ¶ 1). The defendants object that these witnesses were not timely identified under Rules 26(a)(1) and 26(e).

The plaintiff was required to disclose to the defendants each person "that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i); *accord Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) ("[O]nly evidence used solely for impeachment is exempt from the Federal Rules' disclosure requirement"). The plaintiff argues the challenged witnesses

"will serve in part as impeachment witnesses." (Doc. 54, ¶ 3). This statement operates effectively as an admission that the witnesses will not be used solely for impeachment. Thus, disclosure under Rule 26(a) was required.

There is no contention that the plaintiff was aware of these witnesses in March 2012, when her initial disclosures were due. Supplemental disclosures, however, are required "in a timely manner if the party learns that in some material respect the disclosure … is incomplete," unless the additional information has been made known to the opponent during discovery or in writing. Fed. R. Civ. P. 26(e)(1)(A). The defendants deny that disclosure was timely under this provision. (Doc. 53, ¶ 3).

The plaintiff could not disclose additional witnesses on her behalf before learning of their existence and their potentially favorable testimony. The plaintiff asserts, and the defendants do not deny, that information concerning the existence of these individuals and how to contact them had to come from the defendants. The defendants concede they did not provide this information to the plaintiff until July 18, 2012. (Doc. 5, ¶ 5).[1] The defendants learned of the plaintiff's intention to use these five individuals as witnesses on September 7, 2012. (Doc. 48 at 2 & exhibits).

Merely knowing of these individuals was not sufficient to trigger a disclosure duty. Until they were contacted and their probable testimony identified, there was nothing to disclose. The witnesses executed affidavits on August 31, 2012, and the defendants do not suggest that the plaintiff was aware of the witnesses' favorable testimony appreciably before this date.

Instead, the defendants argue the plaintiff *should have been* aware of their favorable testimony earlier. (Doc. 53, ¶¶ 3-5). They assume it should not have

---

[1] This information was requested in formal discovery over four months earlier but was not provided "[d]espite multiple requests by the Plaintiff in telephone conversations and e-mail messages asking for responses." (Doc. 13, Exhibit B at 1, 3, 7; Doc. 19 at 4-5).

required six weeks (from July 18 to August 31) for the plaintiff to determine that these individuals possessed discoverable information she might use, but they provide the Court no reason to indulge that assumption.  What the defendants provided on July 18 was "a listing of all current and former employees of [the] company."  (Doc. 53, ¶ 5).  The defendants "own and operate homes for mentally handicapped citizens," (Doc. 9 at 1),[2] so there were presumably dozens of persons on the list, perhaps hundreds and certainly not just the five at issue here.  The defendants have identified no reason the plaintiff should be expected to have successfully contacted this mass of humanity, questioned them, and confirmed their usefulness vel non to her case in less time than it apparently required.  This is especially so given that the parties devoted much of August to squabbling over depositions and document production.  (Docs. 13, 14, 19, 20).

      For all that appears from the record, then, the plaintiff identified the witnesses approximately one week after the duty to do so arose.  The defendants' only argument as to how this short period could doom timeliness is to point out that formal discovery ended on August 21, before the disclosure.  (Doc. 53, ¶ 4).  They offer no authority or explanation for the proposition that a supplemental disclosure after the close of discovery automatically violates the "timely manner" requirement, regardless of the circumstances leading to that situation (for which the defendants were responsible), and the Court will not seek such support on their behalf.

      The defendants complain they will suffer "extreme prejudice" should the witnesses be allowed to testify at trial "without Defendants having had any opportunity to depose these individuals."  (Doc. 53, ¶ 5).  Since the plaintiff satisfied Rule 26(e), it is irrelevant whether the defendants will be prejudiced, but the Court notes that any prejudice is of the defendants' own doing.  First, as discussed above, the defendants' long delay in providing the employee list made early supplementation impossible.  And although formal discovery concluded on

---

[2] Apparently, three of them.  (Doc. 13, ¶ 3).

August 21, the parties continued to engage in informal discovery well beyond this date.  Indeed, the defendants appeared for deposition only on September 7, the same day they received the witnesses' affidavits.  (Doc. 48 at 4).  It appears the parties had agreed to extend discovery until September 20.  (Doc. 12, ¶ 3).  Even if that agreement did not extend to non-parties, the defendants do not claim that they sought to include the five witnesses in the informal extension, and they never sought a formal extension from the Magistrate Judge in order to depose the witnesses.

For the reasons set forth above, the defendants' motion in limine is **denied** in its entirety.

DONE and ORDERED this 1st day of May, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE