**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ASHLEE CLARK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 11-0664-WS-N** |
| ) | |
| **NORTHVIEW HEALTH SERVICES,** ) | |
| **LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to supplement fee petition. (Doc. 65). The plaintiff seeks leave to provide additional evidence in support of her fee petition, "including evidence of [her] costs and expense." No explanation is offered as to why this material was not submitted initially.

On May 13, 2013, the Court entered an order directing the plaintiff to file and serve, on or before June 10, 2013, "any brief and/or evidentiary materials on which she relies to establish the amount and reasonableness of her claimed attorneys' fees and costs." (Doc. 57 at 1). The Court purposely provided the plaintiff an unusually long period of four full weeks, in order to ensure that she had every opportunity to make a thorough presentation.

The defendants' brief in opposition to the plaintiff's request for fees and costs argues, inter alia, that the plaintiff has not: (1) offered evidence of what comparable Mobile lawyers charge for their services; (2) explained some of her lawyers' entries; or (3) presented evidence sufficient to prove up her expenses. (Doc. 64). These are precisely the sorts of matters that could and should have been addressed by the plaintiff in her initial offering, especially since she knew

from the Court's order that her petition would be taken under submission upon receipt of the defendants' response, without a reply from her.

"Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler International Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Thus, courts have "broad discretion ... in managing their cases." *Id.*; *accord Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them.").

In particular, "in order to ensure the orderly administration of justice, [a trial court] has the authority and responsibility to set and enforce reasonable deadlines." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). Accordingly, "[d]eadlines are not meant to be aspirational," and a litigant does not "ha[ve] carte blanche permission to perform when he desires." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004). The Eleventh Circuit has repeatedly employed this rule to uphold trial courts' enforcement of deadlines.[1]

When a local rule precludes reply briefs unless the trial court grants leave to do so, "the district court possesse[s] almost complete discretion to disallow the filing of a reply brief." *Mock v. Bell Helicopter Textron, Inc.*, 456 Fed. Appx. 799, 803 (11th Cir. 2012) (affirming disallowance of a reply in support of a fee petition). This District has no such local rule, but the Court's scheduling order,

---

[1] *E.g., School Board of Collier County v. K.C.*, 285 F.3d 977, 981-82 (11th Cir. 2002) (untimely expert testimony); *Enwonwu v. Fulton-DeKalb Hospital Authority*, 286 Fed. Appx. 586, 595 (11th Cir. 2008) (untimely motion for summary judgment); *Edman v. Marano*, 177 Fed. Appx. 884, 886 (11th Cir. 2006) (untimely request for mental examination); *cf. Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) (en banc) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards.").

which expressly declared that the petition would be taken under submission upon receipt of the defendants' response, serves the same purpose.  The plaintiff has identified no reason the Court should consider a special exception for her.

For the reasons set forth above, the plaintiff's motion to supplement her fee petition is **denied**.

DONE and ORDERED this 1st day of July, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE